ELLIS WEAVING MILLS, Inc., v. CITIZENS & SOUTHERN NAT. BANK OF SPARTANBURG, S. C.

No. 6071.

United States Court of Appeals, Fourth Circuit.

Argued June 19, 1950.

Decided June 21, 1950.

**44**

John J. Tullman, New York City (Edwin W. Johnson and Frank J. Bostick, Spartanburg, S. C., on brief), for appellant.

C. Erskine Daniel, Spartanburg, S. C. (Donald Russell and T. Sam Means, Jr., Spartanburg, S. C., on brief), for appellee.

Before PARKER and DOBIE, Circuit Judges, and MOORE, District Judge.

## PER CURIAM.

This civil action was instituted in the United States District Court for the Western District of South Carolina by the plaintiff-appellant against the bank, defendant-appellee, to recover the sum of $4,192.28, alleged to have been erroneously paid by the bank, in honoring certain checks, out of funds in the bank deposited to the plaintiff's credit.

As was stated in the opinion of the District Judge, 91 F.Supp. 944:

"The checks were drawn on the defendant bank by Catherine Culbertson, who, at the times these checks were issued and cashed, was the President and General Manager of plaintiff and its sole authorized agent to sign checks in plaintiff's behalf, and had been since its incorporation. The checks were made payable to various existing persons, principally to employees of plaintiff, to whom they were never intended to be delivered, and to whom they were not delivered. Instead Mrs Culbertson, plaintiff's chief executive officer, endorsed the names of the ostensible payees on the backs of the checks and either cashed them or caused them to be cashed at the defendant bank or at some convenient mercantile establishment. The funds so received on said checks, as it is claimed by plaintiff, were privately retained by Mrs. Culbertson, its President and General Manager, or otherwise disposed of by her."

The District Judge held that there was no material issue of fact which required submission to the jury, and granted defendant's motion for a summary judgment in its favor. Plaintiff has duly appealed to us.

We think the judgment below is clearly right and must be affirmed. The opinion below discusses the case so thoroughly and so completely that we see no reason for adding anything to that opinion, which is, accordingly, adopted as the opinion of our court.

Affirmed.